

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| PATRICIA DONALDSON, | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 5:18-0853-MGL |
| | § | |
| ANDREW SAUL, | § | |
| Commissioner of Social Security, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT Saul'S DECISION DENYING BENEFITS**

This is a Social Security appeal in which Plaintiff Patricia Donaldson (Donaldson) seeks judicial review of the final decision of Defendant Andrew Saul denying her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Saul's final decision denying Donaldson's claims be affirmed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 17, 2019, Donaldson filed her objections on May 27, 2019, and Saul filed his reply on June 10, 2019. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

On December 26, 2013, Donaldson filed her applications for DIB and SSI. She contends her disability commenced on June 1, 2013. Saul denied Donaldson's applications initially and upon reconsideration. Donaldson then requested a hearing before an Administrative Law Judge (ALJ), which the ALJ conducted on November 9, 2016.

On July 5, 2017, the ALJ issued a decision holding Donaldson was not disabled. The Appeals Council denied Donaldson's request for review of the ALJ's decision. Donaldson then filed this action for judicial review with the Court on March 28, 2018.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

It is the plaintiff's duty both to produce evidence and prove he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). Nevertheless, the ALJ is to develop the record

and when he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

It is also the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the defendant] if [the] decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Under the substantial evidence standard, the Court must view the entire record as a whole. *See Steurer v. Bowen*, 815 F.2d , 1249, 1250 (8th Cir. 1987).

"[T]he substantial evidence standard presupposes a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (citations omitted) (internal quotation marks omitted) (alteration omitted). Put differently, if the ALJ's "dispositive factual findings are supported by substantial evidence, they must be affirmed, even in cases where contrary findings of an ALJ might also be so supported." *Kellough v. Heckler*, 785 F.2d 1147, 1149 (4th Cir. 1986).

Donaldson lists just two specific objections to the Report. First, Donaldson states "[t]he Magistrate did not address [her] arguments about the ALJ's failure to include relevant and essential evidence in the [residual functional capacity (RFC)] analysis." Objections 1.

There are three sub-parts to Donaldson's first objection. In the first sub-part, she complains that, although "an MRI taken on June 25, 2014, after her surgery (which the ALJ claimed had

resolved her medical problems), did indeed show improvement in the spinal stenosis seen on the prior examination. . . . the ALJ failed to note–and the Magistrate did not comment on–the additional findings in that MRI." Objections 2. Donaldson then cites to deficits in her medical condition listed in her MRI report. *Id*.

Although the ALJ must sufficiently explain the reasons for her rulings to allow this Court to provide meaningful review, *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013), "the ALJ is not required to address every piece of evidence[;] [instead,] [s]he must . . . build an accurate and logical bridge from the evidence to [her] conclusion." *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (citations omitted).

Having made a de novo review of the pertinent portions of the record, the Court concludes the ALJ considered all of the relevant evidence, and there is "an accurate and logical bridge from the evidence to [her] conclusion[,]" *Clifford*, 227 F.3d at 872, Donaldson is not disabled under the Act.

In the second sub-part to Donaldson's first objections, she notes "the ALJ references a medical visit from August 1, 2016, in which supposedly, . . . Donaldson 'was prescribed Gabapentin to help alleviate her pain and she did not have any significant side effects from the medications.'" Objections 2 (quoting A.R.23). Donaldson's counsel states she is unable to locate the August 1, 2016, medical visit in the administrative record. *Id*. She notes, however, an August 23, 2016, visit to the free clinic at which time Donaldson stated "Gabapentin [was] not working, would like something for pain. Body burns from shoulders to feet." *Id*. at 3 (quoting A.R. 702).

In the Court's de novo review of the record, it has also been unable to find any evidence of a August 1, 2016, medical visit. It has also failed to find any evidence Gabapentin caused Donaldson any significant side effects. And, Donaldson has failed to point to any such evidence. Thus, this alone suggests any error by the ALJ in regards to an August 1, 2016, medical record stating Donaldson "did not have any significant side effects from" Gabapentin, A.R. 23, is harmless.

Regarding Donaldson's statement in her August 23, 2016, medical record that "Gabapentin [was] not working," A.R. 702, the Court observes that, although Donaldson requested narcotics for her pain, the clinic instead refilled her Gabapentin prescription. A.R. 701. According to the record, they were "not able to fill narcotic Rx she is requesting (originally from MD in GA)." *Id*. At Donaldson's initial visit to the free clinic on May 3, 2016 she had asked for Percocet, but they were "not able to prescribe opiate drugs." Tr. 705.

Donaldson's September 13, 2016, medical record from the free clinic shows she was still taking Gabapentin then. It further notes that it was in the plan for her to continue to do so.

From its de novo review of the record, the Court also observes Donaldson testified at her ALJ hearing on Nov. 9, 2016, that she was still taking Gabapentin. A.R. 47. There is no indication in her testimony as to whether she was suffering from any side effects from the medication.

In light of all the evidence as a whole, along with the ALJ's comprehensive and well-reasoned decision, the Court is of the opinion any error by the ALJ in reference to a August 1, 2016, medical record stating Donaldson had no significant side effects from taking Gabapentin for pain is harmless. This is so because the Court concludes that, even without the this medical record, the ALJ would not have changed her opinion. *See Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (Hall, J., concurring) ("Because the ALJ conducted the proper analysis in a comprehensive fashion and cited substantial evidence to support his finding, and because there is no question but that he would have reached the same result notwithstanding his initial error, I would affirm.")

In the third sub-part of Donaldson's first objection, she contends "[t]he ALJ does not mention . . . Donaldson's visit to Southside Medical Center on December 16, 2014 (again, after surgery) in which she had pain from the neck downwards, weakness in her extremities, gait disturbance, numbness in extremity, and tenderness in the cervical and lumbar spine." Objection 3 (citing A.R. 669-70). According to the medical record from that visit, Donaldson "presents today in acute pain." A.R. 669.

In considering Donaldson's case, the ALJ stated she gave

> significant weight to treating sources at Beaufort Memorial Hospital, Good Neighbor Medical Clinic, Southside Medical Center and Scott Strohmeyer, M.D., because their findings are consistent with the objective evidence of record. In addition, the doctors have provided long-term treatment with specialized knowledge and training, which could reasonably give them greater insight into the limitations imposed by [Donaldson's] physical impairments.

A.R. 24. She further noted, however,

> Beaufort Memorial Hospital, Good Neighbor Medical Clinic, Southside Medical Center and Dr. Strohmeyer treating source assessments did not contain any opinion regarding functional limitations, so [she did] not consider[ ] them for that purpose. The records do support a finding that [Donaldson's] conditions are controlled with treatment on an as needed basis.

*Id*. Having reviewed all of the evidence, the ALJ recognized that,

> [a]lthough the evidence as a whole establishes underlying medical conditions capable of producing some limitations, the evidence as a whole does not confirm disabling limitations arising from [Donaldson's] underlying medical or physical conditions, nor does it support a conclusion that the objectively determined medical conditions are of such severity that they could reasonably be expected to give rise to disabling conditions. After having carefully considered the entire documentary evidence of record, as well as the testimony at the hearing, the undersigned concludes that [Donaldson] retains the residual functional capacity to work with additional non-exertional limitations.

A.R. 25-26.

The ALJ says she considered the medical evidence from Southside Medical Center. The Court's "general practice, which [it] see[s] no reason to depart from here, is to take a lower tribunal at its word when it declares that it has considered a matter." *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).

As the Court noted above, although the ALJ must explain the reasons for her decision, *Radford*, 734 F.3d at 296, she need not discuss every piece of evidence. *Clifford*, 227 F.3d at 872.

All that is required is she "build an accurate and logical bridge from the evidence to [her] conclusion." *Id*. The Court has no trouble concluding she did just that.

Accordingly, for all these reasons, the Court will overrule the three sub-parts of Donaldson's first objection.

In Donaldson's second objection, she "objects to the Magistrate's conclusion that the ALJ appropriately considered her subjective complaints." Objections 4.

Concerning the ALJ's consideration of Donaldson's subjective complaints, the ALJ wrote this:

> After careful consideration of the evidence, the undersigned finds that [Donaldson's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Donaldson's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> [Donaldson's] report of disabling symptoms is rendered unpersuasive because they are not consistent with the treatment records or [Donaldson's] reported activities. As discussed earlier, [Donaldson] has admitted certain abilities, which provide support for the residual functional capacity in this decision.

A.R. 23 (citations omitted). She further noted that, "given the paucity of the specific complaints and visits to medical professionals regarding these impairments, it is clear that the impact of either impairment on [Donaldson's] residual functional capacity is minimal." A.R. 24.

Donaldson insists she "had a well documented medical condition which is frequently disabling and required cervical fusion surgery, which did not eliminate her impairments." Objections 5. The ALJ recognized her medical condition and her impairments, but concluded they were not disabling.

Although there is, perhaps, substantial evidence in the record to support Donaldson's contention she is disabled, there is also substantial evidence to support the ALJ's conclusion she is not. And, the ALJ has the final say in determining whether one is disabled. *See Blalock v.*

*Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (citations omitted) (internal quotation marks omitted) (internal alteration marks omitted) ("[T]he findings of the [ALJ] as to any fact, if supported by substantial evidence, shall be conclusive  The fact that the record as a whole might support an inconsistent conclusion is immaterial,  for the language of [the Act] precludes a de novo judicial proceeding and requires that the [C]ourt uphold the [ALJ's] decision even should the [C]ourt disagree with such decision as long as it is supported by substantial evidence."). Thus, the Court will overrule Donaldson's second objection.

In sum, the Court holds there is substantial evidence to support the ALJ's conclusion Donaldson was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error. Further, the determination is reasonable. Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Donaldson's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of the Court Saul's final decision denying Donaldson's DIB and SSI claims is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 28th day of August, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
